IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal No. 3:09-cr-55 |
| Plaintiff, | ) | Civil No. 3:12-cv-99 |
| | ) | |
| v. | ) | **ORDER FOR RE-SENTENCING** |
| | ) | **HEARING** |
| Rodney Lavell Booker, | ) | |
| | ) | |
| Defendant. | ) | |

On November 27, 2013, the Court entered an Order granting, in part, Rodney Lavell Booker's motion under 28 U.S.C. § 2255, and vacating his conviction on Count Three of the Indictment (Doc. #181). At the original sentencing hearing, Counts Three, Four, Five, and Six were grouped for purposes of calculating the Sentencing Guideline Range. "[A] multi-count sentencing is a package and severing part of the total sentence usually will unbundle it." Gardiner v. United States, 114 F.3d 734, 736 (8th Cir. 1997). Since 1997, the Eighth Circuit continues to utilize principles regarding the "sentence package" doctrine. See United States v. Bruguier, 735 F.3d 754, 764 (8th Cir. 2013) (reversing one of the four counts and remanding for re-sentencing because the district court based its "sentencing package" on all four convictions); United States v. Evans, 314 F.3d 329, 333 (8th Cir. 2002) (concluding that a defendant who successfully appeals one part of a multi-count sentencing package has no expectation of finality as to any part of the sentence and the double jeopardy clause does not bar re-sentencing on all counts). The Tenth Circuit has explained the sentencing package doctrine:

> A sentence under the U.S. Sentencing Guidelines constitutes a sentencing package which takes into account all counts upon which the defendant has been convicted.

1

> When one of these counts is set aside or vacated, the district court is free to reconsider the sentencing package de novo unless the appellate court specifically limited the district court's discretion on remand.

Ward v. Williams, 240 F.3d 1238, 1243 (10th Cir. 2001) (citation omitted).

While initially articulated in the context of direct appeals, the doctrine applies to proceedings involving collateral attack of a sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1318 n.7 (11th Cir. 2002); United States v. Mainville, 9 Fed.Appx. 431, 436 (6th Cir. 2001); Williams, 240 F.3d at 1243. In United States v. Harrison, 113 F.3d 135, 137 (8th Cir. 1997), the Eighth Circuit explained:

> The statute [28 U.S.C. § 2255] gives district courts broad and flexible remedial authority to resentence a defendant and correct the sentence as appropriate. A remedy that seems appropriate is to put § 2255 defendants in the same position as defendants on direct appeal by permitting resentencing . . .

The scope of a court's authority to re-sentence depends on the meaning of the word "sentence." Harrison, 113 F.3d at 138 (citing United States v. Binford, 108 F.3d 723, 728 (7th Cir. 1997)). In a § 2255 proceeding, the sentence refers to the aggregate, indivisible term of imprisonment and a "district court has the authority to restructure a defendant's entire sentence even when the prisoner's petition attacks the validity of just one of the counts of conviction." Binford, 108 F.3d at 728; See Harrison, 113 F.3d at 138 (concluding that once the district court vacated the term imposed by the erroneous gun conviction, it could correct the defendant's interdependent drug sentence).

Under existing Eighth Circuit precedent, the plain language of 28 U.S.C. § 2255, and in the interests of justice, the vacation of Count Three requires a new sentencing guideline calculation and a new sentencing hearing. The Court orders that the judgment be reopened for *de novo* consideration

2

of the sentence to ensure that it remains adequate to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a). The Clerk is directed to set this matter on for a re-sentencing hearing.

**IT IS FURTHER ORDERED** that the United States Marshals Service transport Booker back to the district for the re-sentencing hearing.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2014.

/s/ Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court